**Jerd LAPHAM, Intervenor, and the Porter Creek Road Residents, Plaintiffs/Appellants,**

v.

**CALIFORNIA ENERGY RESOURCES CONSERVATION AND DEVELOPMENT COMMISSION; Gloria Megino, Public Advocate; Alicia Becerril, Associate Public Advocate; Dan Parker, Defendants/Appellees.**

No. 82–4252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1983.

Decided May 4, 1983.

Dan G. Lubbock, Pacific Gas & Electric Co. Law Office, San Francisco, Cal., Steven M. Cohn, Sacramento, Cal., for defendants/appellees.

Thomas A. Casazza, Portola Valley, Cal., for plaintiffs/appellants.

Before TANG and ALARCON, Circuit Judges, and PFAELZER,* District Judge.

ALARCON, Circuit Judge:

Jerd Lapham (Lapham) and the Porter Creek Road Residents (Lapham and the Residents) appeal from the district court's order abstaining from the trial of this matter pending disposition of certain issues of state law in the California Courts. We are called upon to decide whether abstention is proper where it is unclear under state law if persons whose property is in the vicinity of a proposed power line have a protected property interest requiring notice of public hearings so that they may voice their opposition and concerns.

We have concluded that abstention was proper because the question—as to whether Lapham and the Residents had a protected interest which entitles them to due process protection—must be determined under state law.

## I.

Lapham and the Residents are property owners whose land is in the vicinity of a proposed high voltage electromagnetic transmission line to be built by the Pacific Gas and Electric Company. Several of the Residents live within 875 feet of the proposed path of the line.

California Public Resources Code § 25519(g) provides that upon receipt of an application for certification to construct such a transmission line adequate notice must be given to the public. Calif.Pub.Resources Code § 25519(g).

* Hon. Mariana R. Pfaelzer, United States District Judge for the Central District of California, sitting by designation.

## II.

Lapham and the Residents contend that they were deprived of their rights to procedural due process in that they did not receive adequate notice of the application hearing conducted on April 2, 1980 and the hearing held on July 10, 1980, to consider a draft of the environmental impact statement. Lapham did not become aware of these proceedings until January 23, 1981. The Residents, represented by Lapham intervened in the licensing proceedings on February 17, 1981.

Subsection (g) of section 25519 provides in pertinent part: "the advisor shall require that adequate notice is given to the public . . ."

The statute is silent as to the form of notice which should be given to owners of property in the vicinity of land which will be crossed by the transmission lines.

Subsection (f) of section 25519 provides in pertinent part that:

> Upon receipt of an application, the commission shall cause a summary of the application to be published in a newspaper of general circulation in the county in which the site and related facilities, or any part thereof, designated in the application, is proposed to be located. . . .

Lapham and the Residents contend that they were entitled to receive notice by mail or by information posted on their property regarding the project and the hearing dates. We are told by Lapham and the Residents that the minimal public notice which was given was "grossly inaccurate and could not have informed readers whether or not their property would be affected" because of mistakes on the maps which alerted the wrong landowners.

The draft environmental impact report recommended that Pacific Gas and Electric advise persons dwelling within 875 feet of the proposed transmission line concerning the potential health risks which would flow from such construction.

The California Energy Commission certified the project on September 30, 1981. Upon denial of their motion for reconsideration, Lapham and the Residents petitioned the district court for a writ of mandamus directing the California Energy Commission to set aside the order certifying construction of the transmission line.

### III.

The dispositive question presented by this appeal is whether abstention was proper under the circumstances recited above in view of the fact that Lapham and the Residents claim that their rights to procedural due process under the fourteenth amendment were violated because they were not given actual notice of the hearings on the application for the transmission line.

Lapham and the Residents argue that this is not an appropriate case for abstention because "California law clearly charges the Public Advisor of the California Energy Commission with the adequate notice required under the Fourteenth Amendment." While it is true that the statute requires that adequate notice be given of an application, it is silent as to whether persons whose property is in the vicinity of the project have a protected property interest under applicable California law which entitles them to procedural due process.

In *Goss v. Lopez,* 419 U.S. 565, 572–73, 95 S.Ct. 729, 735, 42 L.Ed.2d 725 (1975), the Supreme Court held:

> Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits.

Whether a person has the state law rights claimed by him must be established "before a court can determine whether there has been a deprivation of the equal protection of those state laws. Resolution of the state law question is thus a necessary preliminary to reaching the federal constitutional question." *Rancho Palos Verdes Corp. v. City of Laguna Beach,* 547 F.2d 1092, 1095 (9th Cir.1976).

Abstention is proper "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959).

In the matter before us the California courts may determine either that Lapham and the Residents had no protectible property right under pertinent California law or that adequate notice was *not* provided under section 25519(g). Either determination would render moot the issues presented to the district court. The fact that Lapham and the Residents did not expressly raise a state law issue is not dispositive. Where resolution of state law claims can avoid addressing a federal constitutional issue, it is immaterial that the claim speaks only of federal questions. *Sederquist v. City of Tiburon,* 590 F.2d 278, 282 (9th Cir.1978). The district court did not abuse its discretion in applying the doctrine of abstention in this matter.

AFFIRMED.